## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

PointOne Capital LLC

Plaintiff,

Case No. 1:23-cv-00615

-v-

Phillip Edward Miles and Michael Miles,

Defendants.

## DEFENDANTS' ANSWER TO COMPLAINT WITH AFFIRMATIVE DEFENSES

Defendants Phillip Edward Miles and Michael Miles (collectively, "Defendants"), by and through their attorneys White and Williams LLP, hereby answer the complaint as follows:

## PRELIMINARY STATEMENT

1.      Denied.  It is admitted that Defendants Phillip Edward Miles and Michael Miles entered into a "Standard Merchant Cash Advance Agreement" on July 11, 2022 with Plaintiff.  The remaining allegations contained in paragraph 1 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny those allegations.  Moreover, the transaction is a criminally usurious loan in violation of New York criminal laws.  *See Plymouth Venture Partners, II, L.P. v. GTR Source, LLC*, 2021 N.Y. LEXIS 2577, *45, 2021 NY Slip Op 07055, 11, 2021 WL 5926893 (N.Y. Dec. 16, 2021) ("Although the GTR and CMS agreements are described as "factoring" agreements, they do not bear several of the hallmarks of traditional factoring arrangements, in that FutureNet did not sell any identifiable receivable to GTR or CMS; GTR and CMS did not collect any receivables; GTR and CMS received fixed daily withdrawals from FutureNet's bank account regardless of whether or how much FutureNet collected from or billed to its clients; and GTR and CMS did not bear the risk of nonpayment by any specific customer of FutureNet. The arrangements FutureNet entered with GTR and CMS appear less like

factoring agreements and more like high-interest loans that might trigger usury concerns (*see Adar Bays, LLC v GeneSYS ID*, 179 N.E.3d 612, 2021 NY Slip Op 05616 [2021]).").

    2.    Denied.  It is admitted that Defendants Phillip Edward Miles and Michael Miles entered into a "Standard Merchant Cash Advance Agreement" on July 11, 2022 with Plaintiff.  The remaining allegations contained in paragraph 2 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny those allegations.  Moreover, the transaction is a criminally usurious loan in violation of New York criminal laws.  *See* Answer to No. 1.

    3.    Denied.  It is admitted that Defendants Phillip Edward Miles and Michael Miles entered into a "Standard Merchant Cash Advance Agreement" on July 11, 2022 with Plaintiff.  The remaining allegations contained in paragraph 3 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny those allegations.  Moreover, the transaction is a criminally usurious loan in violation of New York criminal laws.  *See* Answer to No. 1.

## THE PARTIES

    4.    Admitted.

    5.    Admitted.

    6.    Admitted.

    7.    Admitted.

## JURISDICTION AND VENUE

    8.    Denied.  It is admitted that Defendants Phillip Edward Miles and Michael Miles entered into a "Standard Merchant Cash Advance Agreement" on July 11, 2022 with Plaintiff.  The remaining allegations contained in paragraph 8 constitute legal conclusions to which no response

is required.  To the extent a response is required, Defendants deny those allegations.  Moreover, the transaction is a criminally usurious loan in violation of New York criminal laws.  *See* Answer to No. 1.

9.      Denied.  It is admitted that Defendants Phillip Edward Miles and Michael Miles entered into a "Standard Merchant Cash Advance Agreement" on July 11, 2022 with Plaintiff.  The remaining allegations contained in paragraph 9 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny those allegations.  Moreover, the transaction is a criminally usurious loan in violation of New York criminal laws.  *See* Answer to No. 1.

10.     Denied.  It is admitted that Defendants Phillip Edward Miles and Michael Miles entered into a "Standard Merchant Cash Advance Agreement" on July 11, 2022 with Plaintiff.  The remaining allegations contained in paragraph 10 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny those allegations.  Moreover, the transaction is a criminally usurious loan in violation of New York criminal laws.  *See* Answer to No. 1.

**FACTS**

11.     Admitted.

12.     Admitted.

13.     Denied as stated.  It is admitted that Defendants Phillip Edward Miles and Michael Miles entered into a "Standard Merchant Cash Advance Agreement" on July 11, 2022 with Plaintiff.  The remaining allegations contained in paragraph 13 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny those

allegations.  Moreover, the transaction is a criminally usurious loan in violation of New York criminal laws. *See* Answer to No. 1.

14.     Denied as stated.  It is admitted that Defendants Phillip Edward Miles and Michael Miles entered into a "Standard Merchant Cash Advance Agreement" on July 11, 2022 with Plaintiff.  The remaining allegations contained in paragraph 14 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny those allegations.  Moreover, the transaction is a criminally usurious loan in violation of New York criminal laws. *See* Answer to No. 1.

15.     Denied as stated. It is admitted that Defendants Phillip Edward Miles and Michael Miles entered into a "Standard Merchant Cash Advance Agreement" on July 11, 2022 with Plaintiff.  Further, this paragraph purports to characterize a document which speaks for itself to which no response is necessary.  To the extent a response is required, Defendants deny those allegations.  Moreover, the transaction is a criminally usurious loan in violation of New York criminal laws. *See* Answer to No. 1.

16.     Denied as stated.  It is admitted that Defendants Phillip Edward Miles and Michael Miles entered into a "Standard Merchant Cash Advance Agreement" on July 11, 2022 with Plaintiff.  Further, this paragraph purports to characterize a document which speaks for itself to which no response is necessary.  To the extent a response is required, Defendants deny those allegations.  Moreover, the transaction is a criminally usurious loan in violation of New York criminal laws. *See* Answer to No. 1.

17.     Denied.  It is admitted that Defendants Phillip Edward Miles and Michael Miles entered into a "Standard Merchant Cash Advance Agreement" on July 11, 2022 with Plaintiff.  The remaining allegations contained in paragraph 17 constitute legal conclusions to which no response

4

is required.  To the extent a response is required, Defendants deny those allegations.  Moreover, the transaction is a criminally usurious loan in violation of New York criminal laws.  *See* Answer to No. 1.

18.     Denied as stated. It is admitted that Defendants Phillip Edward Miles and Michael Miles entered into a "Standard Merchant Cash Advance Agreement" on July 11, 2022 with Plaintiff.  Further, this paragraph purports to characterize a document which speaks for itself to which no response is necessary.  To the extent a response is required, Defendants deny those allegations.  Moreover, the transaction is a criminally usurious loan in violation of New York criminal laws.  *See* Answer to No. 1.

19.     Denied as stated. It is admitted that Defendants Phillip Edward Miles and Michael Miles entered into a "Standard Merchant Cash Advance Agreement" on July 11, 2022 with Plaintiff.  The remaining allegations contained in paragraph 19 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny those allegations.  Moreover, the transaction is a criminally usurious loan in violation of New York criminal laws.  *See* Answer to No. 1.

20.     Denied as stated.  It is admitted that Defendants Phillip Edward Miles and Michael Miles entered into a "Standard Merchant Cash Advance Agreement" on July 11, 2022 with Plaintiff.  Further, this paragraph purports to characterize a document which speaks for itself to which no response is necessary.  The remaining allegations contained in paragraph 20 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny those allegations.  Moreover, the transaction is a criminally usurious loan in violation of New York criminal laws.  *See* Answer to No. 1.

21. Denied as stated. It is admitted that Defendants Phillip Edward Miles and Michael Miles entered into a "Standard Merchant Cash Advance Agreement" on July 11, 2022 with Plaintiff. Further, this paragraph purports to characterize a document which speaks for itself to which no response is necessary. The remaining allegations contained in paragraph 21 constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny those allegations. Moreover, the transaction is a criminally usurious loan in violation of New York criminal laws. *See* Answer to No. 1.

22. Denied as stated. It is admitted that Defendants Phillip Edward Miles and Michael Miles entered into a "Standard Merchant Cash Advance Agreement" on July 11, 2022 with Plaintiff. Further, this paragraph purports to characterize a document which speaks for itself to which no response is necessary. The remaining allegations contained in paragraph 21 constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny those allegations. Moreover, the transaction is a criminally usurious loan in violation of New York criminal laws. *See* Answer to No. 1.

23. Denied as stated. The parties agreed to repayment of the loan through pre-negotiated fixed payments over a fixed period of time and that Plaintiff would debit those payments each business day until the loan amount was paid in full. Further, this paragraph purports to characterize a document which speaks for itself to which no response is necessary. To the extent a response is required, Defendants deny those allegations. Moreover, the transaction is a criminally usurious loan in violation of New York criminal laws. *See* Answer to No. 1.

24. Denied as stated. It is admitted that Defendants Phillip Edward Miles and Michael Miles entered into a "Standard Merchant Cash Advance Agreement" on July 11, 2022 with Plaintiff. The parties agreed to repayment of the loan through pre-negotiated fixed payments over

6

a fixed period of time and that Plaintiff would debit those payments each business day until the loan amount was paid in full.  Further, this paragraph purports to characterize a document which speaks for itself to which no response is necessary.  To the extent a response is required, Defendants deny those allegations.  Moreover, the transaction is a criminally usurious loan in violation of New York criminal laws.  *See* Answer to No. 1.

25.     Denied as stated.  It is admitted that Defendants Phillip Edward Miles and Michael Miles entered into a "Standard Merchant Cash Advance Agreement" on July 11, 2022 with Plaintiff.  The remaining allegations contained in paragraph 25 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny those allegations.  Moreover, the transaction is a criminally usurious loan in violation of New York criminal laws.  *See* Answer to No. 1.

26.     Denied as stated. It is admitted that Defendants Phillip Edward Miles and Michael Miles entered into a "Standard Merchant Cash Advance Agreement" on July 11, 2022 with Plaintiff.  Further, this paragraph purports to characterize a document which speaks for itself to which no response is necessary.  To the extent a response is required, Defendants deny those allegations.  Moreover, the transaction is a criminally usurious loan in violation of New York criminal laws.  *See* Answer to No. 1.

27.     Denied as stated.  It is admitted that Defendants Phillip Edward Miles and Michael Miles entered into a "Standard Merchant Cash Advance Agreement" on July 11, 2022 with Plaintiff.  The remaining allegations contained in paragraph 27 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny those allegations.  Moreover, the transaction is a criminally usurious loan in violation of New York criminal laws.  *See* Answer to No. 1.

28.     Denied as stated.  It is admitted that Defendants Phillip Edward Miles and Michael Miles entered into a "Standard Merchant Cash Advance Agreement" on July 11, 2022 with Plaintiff.  The remaining allegations contained in paragraph 28 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny those allegations.  Moreover, the transaction is a criminally usurious loan in violation of New York criminal laws.  *See* Answer to No. 1.

29.     Denied.  It is admitted that Defendants Phillip Edward Miles and Michael Miles entered into a "Standard Merchant Cash Advance Agreement" on July 11, 2022 with Plaintiff.  The remaining allegations contained in paragraph 29 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny those allegations.  Moreover, the transaction is a criminally usurious loan in violation of New York criminal laws.  *See* Answer to No. 1.

30.     Denied.  It is admitted that Defendants Phillip Edward Miles and Michael Miles entered into a "Standard Merchant Cash Advance Agreement" on July 11, 2022 with Plaintiff.  The remaining allegations contained in paragraph 30 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny those allegations.  Moreover, the transaction is a criminally usurious loan in violation of New York criminal laws.  *See* Answer to No. 1.

31.     Denied as stated.  It is admitted that Defendants Phillip Edward Miles and Michael Miles entered into a "Standard Merchant Cash Advance Agreement" on July 11, 2022 with Plaintiff.  Further, this paragraph purports to characterize a document which speaks for itself to which no response is necessary.  To the extent a response is required, Defendants deny those

allegations.  Moreover, the transaction is a criminally usurious loan in violation of New York criminal laws.  *See* Answer to No. 1.

32.     Denied as stated.  It is admitted that Defendants Phillip Edward Miles and Michael Miles entered into a "Standard Merchant Cash Advance Agreement" on July 11, 2022 with Plaintiff.  Further, this paragraph purports to characterize a document which speaks for itself to which no response is necessary.  To the extent a response is required, Defendants deny those allegations.  Moreover, the transaction is a criminally usurious loan in violation of New York criminal laws.  *See* Answer to No. 1.

33.     Denied as stated.  It is admitted that CurePoint, LLC filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on August 19, 2022.  The remaining allegations contained in paragraph 33 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny those allegations.  Moreover, the transaction is criminally usurious loan in violation of New York criminal laws. See Answer to No. 1.

34.     Denied as stated.  It is admitted that CurePoint, LLC filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on August 19, 2022.  Further, this paragraph purports to characterize a document which speaks for itself to which no response is necessary.  To the extent a response is required, Defendants deny those allegations.  Moreover, the transaction is a criminally usurious loan in violation of New York criminal laws.  *See* Answer to No. 1.

35.     Denied as stated. It is admitted that Defendants Phillip Edward Miles and Michael Miles entered into a "Standard Merchant Cash Advance Agreement" on July 11, 2022 with Plaintiff.  Further, this paragraph purports to characterize a document which speaks for itself to which no response is necessary.  To the extent a response is required, Defendants deny those

9

allegations. Moreover, the transaction is a criminally usurious loan in violation of New York criminal laws. *See* Answer to No. 1.

36.     Denied. It is admitted that Defendants Phillip Edward Miles and Michael Miles entered into a "Standard Merchant Cash Advance Agreement" on July 11, 2022 with Plaintiff. The remaining allegations contained in paragraph 36 constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny those allegations. Moreover, the transaction is a criminally usurious loan in violation of New York criminal laws. *See* Answer to No. 1.

37.     Denied as stated. It is admitted that CurePoint, LLC filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on August 19, 2022. Further, this paragraph purports to characterize a document which speaks for itself to which no response is necessary. The remaining allegations contained in paragraph 37 constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny those allegations. Moreover, the transaction is a criminally usurious loan in violation of New York criminal laws. *See* Answer to No. 1.

38.     Denied as stated. It is admitted that CurePoint, LLC filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on August 19, 2022. Further, this paragraph purports to characterize a document which speaks for itself to which no response is necessary. The remaining allegations contained in paragraph 38 constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny those allegations. Moreover, the transaction is a criminally usurious loan in violation of New York criminal laws. *See* Answer to No. 1.

## FIRST CAUSE OF ACTION
Fraudulent Inducement

39.    Defendants repeat the answers contained in all prior paragraphs as if set forth fully herein.

40.    Denied.  It is admitted that Defendants Phillip Edward Miles and Michael Miles entered into a "Standard Merchant Cash Advance Agreement" on July 11, 2022 with Plaintiff.  The remaining allegations contained in paragraph 40 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny those allegations.  Moreover, the transaction is a criminally usurious loan in violation of New York criminal laws.  *See* Answer to No. 1.

41.    Denied.  It is admitted that Defendants Phillip Edward Miles and Michael Miles entered into a "Standard Merchant Cash Advance Agreement" on July 11, 2022 with Plaintiff.  The remaining allegations contained in paragraph 41 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny those allegations.  Moreover, the transaction is a criminally usurious loan in violation of New York criminal laws.  *See* Answer to No. 1.

42.    Denied.  It is admitted that Defendants Phillip Edward Miles and Michael Miles entered into a "Standard Merchant Cash Advance Agreement" on July 11, 2022 with Plaintiff.  Further, this paragraph purports to characterize a document which speaks for itself to which no response is necessary.  The remaining allegations contained in paragraph 42 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny those allegations.  Moreover, the transaction is criminally usurious loan in violation of New York criminal laws. See Answer to No. 1.

11

43.     Denied.  It is admitted that Defendants Phillip Edward Miles and Michael Miles entered into a "Standard Merchant Cash Advance Agreement" on July 11, 2022 with Plaintiff. Further, this paragraph purports to characterize a document which speaks for itself to which no response is necessary.   The remaining allegations contained in paragraph 43 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny those allegations.  Moreover, the transaction is a criminally usurious loan in violation of New York criminal laws.  *See* Answer to No. 1.

44.     Denied.  It is admitted that Defendants Phillip Edward Miles and Michael Miles entered into a "Standard Merchant Cash Advance Agreement" on July 11, 2022 with Plaintiff.  The remaining allegations contained in paragraph 44 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny those allegations.  Moreover, the transaction is criminally usurious loan in violation of New York criminal laws.  *See* Answer to No. 1.

45.     Denied.  It is admitted that Defendants Phillip Edward Miles and Michael Miles entered into a "Standard Merchant Cash Advance Agreement" on July 11, 2022 with Plaintiff.  The remaining allegations contained in paragraph 45 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny those allegations.  Moreover, the transaction is criminally usurious loan in violation of New York criminal laws.  *See* Answer to No. 1.

46.     Denied.  It is admitted that Defendants Phillip Edward Miles and Michael Miles entered into a "Standard Merchant Cash Advance Agreement" on July 11, 2022 with Plaintiff.  The remaining allegations contained in paragraph 46 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny those allegations.  Moreover,

the transaction is a criminally usurious loan in violation of New York criminal laws. *See* Answer to No. 1.

47.     Denied. It is admitted that Defendants Phillip Edward Miles and Michael Miles entered into a "Standard Merchant Cash Advance Agreement" on July 11, 2022 with Plaintiff. The remaining allegations contained in paragraph 47 constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny those allegations. Moreover, the transaction is a criminally usurious loan in violation of New York criminal laws. *See* Answer to No. 1.

48.     Denied. It is admitted that Defendants Phillip Edward Miles and Michael Miles entered into a "Standard Merchant Cash Advance Agreement" on July 11, 2022 with Plaintiff. The remaining allegations contained in paragraph 48 constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny those allegations. Moreover, the transaction is criminally usurious loan in violation of New York criminal laws. *See* Answer to No. 1.

49.     Denied. It is admitted that Defendants Phillip Edward Miles and Michael Miles entered into a "Standard Merchant Cash Advance Agreement" on July 11, 2022 with Plaintiff. The remaining allegations contained in paragraph 49 constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny those allegations. Moreover, the transaction is criminally usurious loan in violation of New York criminal laws. *See* Answer to No. 1.

50.     Denied. It is admitted that Defendants Phillip Edward Miles and Michael Miles entered into a "Standard Merchant Cash Advance Agreement" on July 11, 2022 with Plaintiff. The remaining allegations contained in paragraph 50 constitute legal conclusions to which no response

is required.  To the extent a response is required, Defendants deny those allegations.  Moreover, the transaction is criminally usurious loan in violation of New York criminal laws.  *See* Answer to No. 1.

WHEREFORE, Defendants Phillip Edward Miles and Michael Miles demand judgment dismissing Plaintiff's Summons and Complaint, together with costs, expenses, disbursements, and attorney's fees incurred in the defense of this action, and such other and further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses and reserve the right to assert others that may emerge as the case proceeds:

1. Plaintiff's sham form of MCA agreements (the "MCA Agreements"), including the one entered into by Defendants, are unconscionable contracts of adhesion that are not negotiated at arms-length.

2. Instead, they contain one-sided terms that prey upon the desperation of the small business and their individual owners and help conceal the fact that the transactions, including the one involving Plaintiffs, are really loans.

3. Among these one-sided terms, the MCA Agreements include:  (1) a provision giving the MCA company the irrevocable right to withdraw money directly from the merchant's bank accounts, including collecting checks and signing invoices in the merchant's name, (2) a provision preventing the merchant from transferring,  moving or selling the business or any assets without permission from the MCA company, (3) a one-sided attorneys' fees provision obligating the merchant to pay the MCA company's attorneys' fees but not the other way around, (4) a venue and choice-of-law provision requiring the merchant to litigate in a foreign jurisdiction under the

14

laws of a foreign jurisdiction, (5) a personal guarantee, the revocation of which is an event of default, (6) a jury trial waiver, (7) a class action waiver, (8) a collateral and security agreement providing a UCC lien over all of the merchant's assets, (9) the maintenance of business interruption insurance, (10) an assignment of lease of merchant's premises in favor of the MCA company, (11) the right to direct all credit card processing payments to the MCA company, (12) a power-of-attorney "to take any and all action necessary to direct such new or additional credit card and/or check processor to make payment to [Plaintiff]," and (13) a power of attorney authorizing the MCA company "to take any action or execute any instrument or document to settle all obligations due…."

4.     The MCA Agreements are also unconscionable because they are designed to fail. Among other things, the MCA Agreements are designed to result in a default in the event that the merchant's business suffers any downturn in sales by (1) preventing the merchant from obtaining other financing, (2) and requiring the merchant to continuously represent and warrant that there has been no material adverse changes, financial or otherwise, in such condition, operation or ownership of merchant.

5.     The MCA Agreements also contain numerous improper penalties that violate the strong public policy of New York.  Among these improper penalties, the MCA Agreements (1) require the merchant to sign a confession of judgment entitling the MCA company to liquidated attorneys' fees based on a percentage of the amount owed rather than a good-faith estimate of the attorneys' fees required to file a confession of judgment, (2) accelerate the entire debt upon an Event of Default, and (3) require the merchant to turn over 100% of all of its receivables if it misses just four fixed daily payments.

6.     Plaintiff uses a sham reconciliation provision to disguise the loans.

7.      In order to evade state usury laws, Plaintiff includes a sham reconciliation provision in the MCA Agreements to give the appearance that the loans do not have a definite term.

8.      Under a legitimate reconciliation provision, if a merchant pays more through its fixed daily payments than it actually received in receivables, the merchant is entitled to seek the repayment of any excess money paid.  Thus, if sales decrease, so do the payments.

9.      For example, if an MCA company purchased 25% of the merchant's receivables, and the merchant generated $100,000 in receivables for the month, the most that the MCA company is entitled to keep is $25,000.  Thus, if the merchant paid $40,000 through its daily payments, then the merchant is entitled to $15,000 back under the sham reconciliation provision.

10.     In order to ensure that a merchant can never use their sham reconciliation provision, however, Plaintiff falsely represents that the fixed daily payment amount is a good-faith estimate of the percentage of receivables purchased.  By doing so, Plaintiff ensures that if sales decrease, the required fixed daily payments remain the same.

11.     For example, if 25% of a merchant's actual monthly receivables would result in a daily payment of $1,000, Plaintiff falsely states that the good-faith estimate is only $500 per day so that if sales did in fact decrease by 50%, the merchant would not be able to invoke the reconciliation provision.

12.     On information and belief, Plaintiff does not have a reconciliation department, does not perform reconciliations, and has never refunded a merchant money as required under their sham reconciliation provision.

13.     In fact, Plaintiff's MCA Agreements specifically require Plaintiff MCA companies to affirmatively reconcile the accounts each month but never do.

14.     Plaintiff also intentionally disguised the true nature of its transactions.

16

15.     Despite their documented form, the transactions are, in economic reality, loans that are absolutely repayable.  Among other hallmarks of a loan:

i.     The daily payments required by the MCA Agreements were fixed and the so-called reconciliation provision was mere subterfuge to avoid this state's usury laws. Rather, just like any other loan, the purchased amount was to be repaid within a specified time;

ii.    The default and remedy provisions purported to hold the merchants absolutely liable for repayment of the purchased amount.  The loans sought to obligate the merchants to ensure sufficient funds were maintained in a designated account to make the daily payments and, after a certain number of instances of insufficient funds being maintained in the account, the merchants were in default and, upon default, the outstanding balance of the purchased amount became immediately due and owing;

iii.   While the MCA Agreements purported to "assign" all of the merchant's future account receivables to Plaintiff until the purchased amount was paid, the merchants retained all the indicia and benefits of ownership of the account receivables including the right to collect, possess and use the proceeds thereof.  Indeed, rather than purchasing receivables, Plaintiff merely acquired a security interest in the merchant's accounts to secure payment of the purchased amount;

iv.    Unlike true receivable purchase transactions, Plaintiff Transactions were underwritten based upon an assessment of the merchant's credit worthiness; not the creditworthiness of any account debtor;

v.     The purchased amount was not calculated based upon the fair market value of the merchant's future receivables, but rather was unilaterally dictated by Plaintiff based upon the interest rate it wanted to be paid.  Indeed, as part of the underwriting process, Plaintiff did not request any information concerning the merchant's account debtors upon which to make a fair market determination of their value;

vi.    The amount of the daily payments was determined based upon when Plaintiff wanted to be paid, and not based upon any good-faith estimate of the merchant's future account receivables;

vii.   Plaintiff assumed no risk of loss due to the merchant's failure to generate sufficient receivables because the failure to maintain sufficient funds in the Account constituted a default under the agreements;

viii.  Plaintiff required that the merchants to undertake certain affirmative obligations and make certain representations and warranties that were aimed at ensuring the company would continue to operate and generate receivables and a breach of such obligations, representations and warranties constituted a default, which fully

17

protected Plaintiff from any risk of loss resulting from the merchant's failure to generate and collect receivables.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction under BCL §1314.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred as they arise out of fraudulent activity.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under the N.Y. Penal Law §190.40.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

The Agreement is unenforceable on the grounds of unconscionability because, among other things and without limitation, Plaintiff knowingly preyed upon a financially distressed company, the Agreement charges a usurious rate of interest, and conceals the true nature of the transaction. Moreover, the purported reconciliation provision contained in the contract is illusory, impossible to comply with and intentionally inserted by Plaintiff to further conceal the true nature of the transaction.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred as they arise out of an illegal and unconscionable contract. *See Plymouth Venture Partners, II, L.P. v. GTR Source, LLC*, 2021 N.Y. LEXIS 2577, *45, 2021 NY Slip Op 07055, 11, 2021 WL 5926893 (N.Y. Dec. 16, 2021) ("Although the GTR and CMS agreements are described as "factoring" agreements, they do not bear several of the hallmarks of traditional factoring arrangements, in that FutureNet did not sell any identifiable receivable to GTR or CMS; GTR and CMS did not collect any receivables; GTR and CMS received fixed daily withdrawals from FutureNet's bank account regardless of whether or how much FutureNet collected from or billed to its clients; and GTR and CMS did not bear the risk of nonpayment by

18

any specific customer of FutureNet. The arrangements FutureNet entered with GTR and CMS appear less like factoring agreements and more like high-interest loans that might trigger usury concerns (*see Adar Bays, LLC v GeneSYS ID*, — NE3d —, 2021 NY Slip Op 05616 [2021]).").

The form of the transaction was a sham dictated by Plaintiff to disguise the true nature of the transaction and to evade the criminal usury laws of New York. The transaction is a criminally usurious loan, which is void ab initio.  In addition, Plaintiff calculated the Purchase Price and Purchased Amount based on the principal amount loaned and the principal and interest to be repaid. The use of these terms was unilaterally dictated by Plaintiffs and was intended to disguise the true nature of the transaction.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim for which relief can be granted.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff has not sustained any cognizable damages.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate its damages.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to act in good faith and in a commercially reasonable manner in dealing with Defendants.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because any alleged damages (which are specifically denied) were caused by actions and/or omissions and/or misrepresentations of Plaintiff.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part by the doctrines of waiver, estoppel, novation, ratifications, and consent and acquiescence.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part by its failure to establish a valid and enforceable contract.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

The damages alleged (which are specifically denied) were caused, in whole or in part, by the negligence, carelessness, assumptions of risks, consent, fault, and/or other culpable conduct of the Plaintiff.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because it is equitably estopped from asserting any claims against Defendants due to Plaintiff's own fraud, fraudulent inducement, intentional misrepresentation and/or negligent misrepresentation.

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part by Plaintiff's breach of the implied covenant of good faith and fair dealing.

Defendants expressly reserves the right to amend this Answer and to assert additional affirmative defenses, and to supplement, alter or change this Answer upon revelation of more definitive facts by Plaintiff and/or upon Defendants' undertaking of discovery and investigation of this matter.  Accordingly, the right to assert additional defenses, if and to the extent such defenses are applicable, is hereby reserved.

Date: February 3, 2023

Respectfully submitted,
**WHITE & WILLIAMS LLP**

Shane R. Heskin
7 Times Square, Suite 2900
New York, New York 10036
(215) 864-6329
heskins@whiteandwilliams.com
*Attorneys for Defendants*

**<u>VERIFICATION</u>**

I, Shane R. Heskin, hereby affirm that I am an attorney for Defendants Phillip Edward Miles and Michael Miles. I have read and reviewed the annexed Defendants Answer To Complaint and Affirmative Defenses and know that the contents thereof are true to my knowledge, except for those matters that are stated to be upon information and belief, and as to those matters, I believe them to be true. My knowledge with respect to the allegations is based upon my review of the file.

I affirm that the foregoing statements are true under penalty of perjury.

Date: February 3, 2023

Respectfully submitted,
**WHITE & WILLIAMS LLP**

Shane R. Heskin

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 3, 2023, I electronically filed the foregoing document

with the Court using the CM/ECF system which will send notification of such filing to all

attorneys of record.

Shane R. Heskin